IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Floyd May (#B-17282), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 5350 |
| | ) | |
| v. | ) | District Judge John W. Darrah |
| | ) | Magistrate Judge Susan E. Cox |
| Dr. Jacqueline Mitchell, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The defendant's motion to enforce the settlement agreement [#51] is granted. The defendant is directed to re-mail the plaintiff a final settlement agreement and general release. The court orders the plaintiff to sign the settlement agreement within twenty-one days of the date of this order. If the plaintiff fails to execute the settlement agreement within twenty-one days, the court will issue a report and recommendation advising the district judge to enforce the settlement agreement.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a dentist at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he lost a tooth because the defendant denied him timely, needed dental care. This matter is before the court for ruling on the defendant's motion to enforce the parties' settlement agreement. For the reasons stated in this order, the motion is granted.

## LEGAL STANDARDS

State contract law governs settlement agreements. *Magallanes v. Ill. Bell Telephone Co.*, 535 F.3d 582, 584 (7th Cir. 2008); *Leibowitz v. Trebels*, No. 12 C 1536, 2012 WL 5559554, at *3 (N.D. Ill. Nov. 14, 2012) (Lefkow, J.). Under Illinois law, an oral settlement agreement is valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all material terms. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007); *Artuk, Inc. v. AKT Corporation*, No. 13 C 3911, 2014 WL 3895920, at *4 (N.D. Ill. Aug. 7, 2014) (Holderman, J.) (citations omitted); *In re Estate of LeBloch*, 2013 Ill. App. 121093-U, 2013 WL 2643998, at *4 (Ill. App. 2nd Dist. 2013). A meeting of the minds occurs "where there has been assent to the same things in the same sense on all essential terms and conditions." *IMI Norgren, Inc., v. D & D Tooling Mfg., Inc.*, 306 F. Supp.2d 796, 802 (N.D. Ill. 2004); *see also Dynegy Marketing and*

*Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011) (in order there to be a contract between parties, there must be a meeting of the minds or mutual assent as to the terms of the contract); *St. George Investments LLC v. QuamTel, Inc.*, No. 12 C 9186, 2014 WL 812157, at *7 (N.D. Ill. Mar. 3, 2014) (Dow, J.) (citations omitted). "Absent mistake or fraud, a settlement agreement will not be disturbed or set aside lightly." *LaSalle Nat. Trust, N.A. v. Lamet*, 2014 Ill. App. 121730-U, 2014 WL 1047881, at *8 (Ill. App. 1st Dist. 2014).

## BACKGROUND

The parties engaged in lengthy settlement negotiations over the course of about a year. In the defendant's September 13, 2013, status report, he indicated that the plaintiff had made a "new" settlement demand. (Defendant's Status Report, doc. no. 19, ¶ 4.) In a later motion for a settlement conference, the defendant reported that the parties had reached an agreement in principle, but that the plaintiff was waffling on the exact terms. (Defendant's Motion for Settlement Conference and Extension of Time, doc. no. 34, ¶¶ 3-5; *see also* Defendant's Status Report, doc. no. 40, ¶ 4).

At a settlement conference held on March 12, 2014, the parties were able to reach a settlement agreement. The parties agreed that the plaintiff would receive a beard trimmer and television in exchange for dismissal. The plaintiff having agreed to the terms of the settlement agreement on the record, the court ordered him to execute the agreement. *See* Minute Entry of March 12, 2014 (Cox, J.). However, at a hearing on April 15, 2014, the plaintiff attempted to revise the terms, on the basis that he anticipated a transfer to a facility that permitted television sets but not typewriters. In order to allay the plaintiff's concerns, the court requested that the Attorney General inquire with the Illinois Department of Corrections about the possibility granting the plaintiff access to a typewriter at the Pontiac Correctional Center. *See* Minute Entry of April 15, 2014 (Cox, J.); *see also* Minute Entry of April 29, 2014 (Cox, J.) Ultimately, defense counsel was able to make arrangements for the plaintiff to get a typewriter; accordingly, the court directed the plaintiff to sign new settlement agreement documents. *See* Minute Entry of May 13, 2014 (Cox, J.).

At a hearing on June 25, 2014, the plaintiff indicated that he refused to sign the settlement agreement as prepared by defense counsel because, in the interim, Pontiac officials had confiscated certain items from him. The plaintiff called for a new settlement agreement that involved the return of the items in question. However, the court ruled that the seizure of those items did not relate to the instant case. *See* Minute Entry of June 25, 2014 (Cox, J.). Because the plaintiff failed to execute the settlement agreement, the defendant filed the instant motion to enforce.

## ANALYSIS

The court finds that the plaintiff entered into a valid, legally binding, and enforceable settlement agreement. Throughout the protracted settlement process, the plaintiff vacillated and backed out of multiple tentative settlement agreements. But once the parties ironed out the definitive terms of a settlement agreement, and the plaintiff agreed to those terms on the record,

he was bound to that accord. There was offer, acceptance, and a meeting of the minds as to all of the material terms of the settlement agreement in this case.

The plaintiff is mistaken that he can unilaterally modify the terms of the binding settlement agreement. The plaintiff appears to misapprehend the meaning of the term, "This Agreement may not be changed, modified or assigned except by the written agreement of the Plaintiff, the IDOC, and the Illinois Attorney General." (*See* Plaintiff's Exhibit B, "Settlement and General Release," ¶ 10.) That provision means that all parties to the agreement must agree to any modification, and not that the plaintiff himself can change the terms at will.

Furthermore, the court interprets the inclusion of the condition that the plaintiff's "continued possession of [the typewriter and beard trimmer] will be subject to all policies and procedures of the Illinois Department of Corrections" to mean only that the plaintiff cannot misuse those items. Obvious concerns of prison safety and security preclude the plaintiff from maintaining possession of the typewriter and beard trimmer *carte blanche*. The court can envision, for example, parts of the typewriter being used to make keys or weapons, or the plaintiff charging fellow prisoners for barber services. Such abuses of the privilege would likely justify confiscation of either item. The plaintiff's reliance on *Rowe v. Jones*, 483 F.3d 791 (7th Cir. 2007), and 18 U.S.C. § 3626, both of which discuss consent decrees rather than settlement agreements, is equally misplaced.

In short, the plaintiff has provided no legitimate reason why the court should not enforce the agreement or why he should be permitted to rescind his acceptance. The court can only conclude that the plaintiff, after making the agreement, decided once again that he no longer liked the deal. But "[o]nce a valid settlement agreement has been made, buyer's remorse will not render the agreement unenforceable. A mere change of mind is not sufficient grounds for setting aside a settlement agreement." *Millard v. BNSF Ry. Co.*, No. 08 C 3752, 2010 WL 3515746, at *3 (N.D. Ill. Aug. 31, 2010) (Brown, J.) (citations and internal quotations omitted). "A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient.... If a party to a ... suit who has previously authorized a settlement changes his mind ..., that party remains bound by the terms of the agreement." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) (citations omitted); *see also Millard*, 2010 WL 3515746 at *3; *Coldwell Banker Real Estate LLC v. Centanne*, No. 10 C 2299, 2010 WL 4313766, at *3 (N.D. Ill. Oct. 25, 2010) (Dow, J.) (same). "Post-acceptance conduct does not retract an earlier acceptance." *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010). The plaintiff's change of heart and wish to incorporate additional boons is insufficient under Illinois law to overturn the parties' contractual agreement. The court must enforce the terms of the clear and unambiguous terms of the settlement agreement as agreed to by both parties in open court.

For the foregoing reasons, the defendant's motion to enforce the settlement agreement is granted. The defendant is directed to re-mail the plaintiff a final settlement agreement and general release. The court orders the plaintiff to sign the settlement agreement within twenty-one days of the date of this order. If the plaintiff fails to execute the settlement agreement within twenty-one days, the court will recommend to the District Judge that the settlement agreement be enforced.

Date:  September 10, 2014                             /s/   Susan E. Cox